UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>CARLOS VARELA-VILLA,<br><br>Defendant/Petitioner. | NO. CR-08-6066-LRS<br>(NO. CV-10-5003-LRS)<br><br>**ORDER DENYING VARELA-VILLA'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE** |

BEFORE THE COURT is Carlos Varela-Villa's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 51).

**I. BACKGROUND**

On March 19, 2009, Mr. Varela-Villa pleaded guilty to being an Alien in the United States After Deportation in violation of 8 U.S.C. § 1326 pursuant to the parties' written plea agreement. Applying the 18 U.S.C. § 3553(a) factors, the Court sentenced Mr. Varela-Villa on June 23, 2009, to forty-one months in prison and a three-year term of supervised release. The base offense level of 8 was increased by 16 levels pursuant to § 2L1.2 for having a 1996 conviction for second degree child molestation offense, a crime of violence. Pursuant to the Plea Agreement, the United States agreed to recommend a 2-level downward

ORDER ~ 1

adjustment for acceptance of responsibility and an additional 1-level downward adjustment for timely notifying the United States of an intention to enter a guilty plea. As a result, the total adjusted offense level was 21, and the Defendant fell within Criminal History Category II. The guideline sentencing range was 41-51 months with a statutory maximum of 20 years. Defense objections were raised as to the classification of his prior conviction for second degree child molestation as a crime of violence. Varela-Villa's Motion for Downward Departure, based upon the argument that the +16 level enhancement was incorrect and calculation of a guideline range should be 15-21 months was denied. Mr. Varela-Villa has not appealed this sentence.

On January 5, 2010, Mr. Varela-Villa filed his first §2255 motion challenging his sentence based on ineffective counsel, and more particularly counsel's alleged failure to raise the issue of deportability as a mitigating circumstance at sentencing. Mr. Varela-Villa requests the Court to grant "a two point downward departure from his sentence." Ct. Rec. 51.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a Section 2255 motion and the record to determine whether summary dismissal is warranted. Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion..." *Id.*

The Rules regarding section 2255 proceedings state that the Court may summarily order dismissal of a § 2255 motion without service upon the

United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

Viewing the record under this standard and for the following reasons, the Court finds that summary dismissal is appropriates as the record conclusively shows that Mr. Varela-Villa is not entitled to relief.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**A.   PREJUDICIAL ERROR**

If the Court is deciphering Mr. Varela-Villa's argument correctly, he argues that the Court did not properly account for his status as a deportable alien, which he argues is a mitigating factor in determining his sentence. Mr. Varela-Vila argues that his status as a deportable alien leads to harsher treatment by the bureau of Prisons. Although Mr.

Case 2:08-cr-06066-LRS   Document 52   Filed 03/12/10

Varela-Villa discusses case law pertaining to deportable aliens, he does not argue that this Court failed to properly consider all of the 18 U.S.C. § 3553(a) factors as it is required to. The Court finds this ground without merit.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Varela-Villa argues that his counsel, at the sentencing stage, failed to raise deportability as a mitigating factor at sentencing or to advise him of this "form of relief." Ct. Rec. 51, at 6. Mr. Varela-Villa appears to argue (based on his case law analysis) that his lawyer should have argued that his status as a deportable alien is a "mitigating factor" because as a deportable alien, he will not be eligible for "pre release custody and minimum security confinement." Ct. Rec. 51, at 2.

The test for ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under *Strickland*, to establish a claim of ineffective assistance of counsel, Mr. Varela-Villa must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice. 466 U.S. at 687, 104 S.Ct. 2052.

The Court notes that defense counsel, in the sentencing memorandum (Ct. Rec. 41), thoroughly discussed all factors deemed pertinent, including all six 18 U.S.C. §3553 (a) factors. There is no showing that counsel's efforts were not those of a reasonably competent practitioner. Mr. Varela-Villa points to no deficient performance by counsel which prejudiced his case or deprived him of an opportunity to have a fair sentencing. Mr. Varela-Villa "must show that there is a reasonable

ORDER ~ 4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Whether Mr. Varela-Villa's attorney should have argued this "mitigating factor" depends on the specific circumstances of his case. A defendant's status as a deportable alien does not automatically entitle him or her to a downward departure from the sentencing guidelines. Rather, in departing downward, a sentencing court must determine, "under the facts and circumstances of each case, whether the factor takes the case outside of the 'heartland.' " ." *United States v. Charry Cubillos*, 91 F.3d 1342, 1344 (9th Cir.1996). Additionally, a departure from the advisory sentencing guidelines based on the collateral consequences of a prisoner's status as a deportable alien, while permissible, is generally proper only where the difference in the severity of a prisoner's sentence is <u>substantial</u>. *Id.* at 1343-44 [emphasis added].

Mr. Varela-Villa has provided nothing to show that at the time of his sentencing, there was any basis for a reasonable attorney to conclude that his case fell outside of the "heartland" of cases, or that his sentence was substantially more severe because of his status as a deportable alien. Mr. Varela-Villa received the low end of the advisory sentencing guideline range. Consequently, Mr. Varela-Villa has failed to establish that a reasonably competent attorney would have sought such a departure or that there is a reasonable probability that the sentence he received would have been different if his attorney had given the assistance that he alleges should have been provided. The Court

ORDER ~ 5

concludes that Mr. Varela-Villa has not provided any evidence to convince this Court that his constitutional rights were violated.

### III. CONCLUSION

The Court summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Varela-Villa's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 21, 2009 **(Ct. Rec. 51,** CR-08-6066-LRS; **Ct. Rec. 1,** CV-10-5003-LRS) is **DENIED.**

2. The District Court Executive is directed to:

    (a) File this Order;

    (b) Provide a copy to Mr. Varela-Villa **AND TO** the United States Attorney for the Eastern District of Washington(Yakima); and

    (c) **CLOSE THESE FILES.**

**DATED** this 12th day of March, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ~ 6